UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.D. YORSTON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10166-PBS |
| ROBERT GREENE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10194-WGY |

*[Captions Continue on Following Page]*

**[PROPOSED] ORDER GRANTING MOTION OF THE DISCIPLINED GROWTH INVESTORS GROUP FOR CONSOLIDATION OF RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| JOHN C. JOHNSON JR., JOHN C. JOHNSON JR. TARGET BENEFIT PENSION, JEFFREY S. JOHNSON and JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>                Defendants. | No. 1:05-cv-10272-GAO |
| DORAVILLE MANAGEMENT II CORP. by Donald Ramirez, President on Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>                Defendants. | 1:05-cv-10288-PBS |

*[Captions Continue on Following Page]*

- 2 -

| | |
|---|---|
| STANLEY A. KIM, On Behalf of Himself and Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10315-PBS |
| YALE TOLWIN, on Behalf of Himself and All Persons Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10388-PBS |

## **ORDER**

Having considered the motion of Disciplined Growth Investors, Inc. and Compass Investors Limited Partnership ("Movants") for appointment as Lead Plaintiff and for approval of Lead Plaintiff's selection of Lead Counsel, the memorandum of law in support thereof, the declaration of John C. Martland in support of that motion and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1) The Motion is granted.

2) This Order (the "Order") shall apply to the above-captioned action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and consolidated with the action (collectively, the "Consolidated Action").

3) An original of this Order shall be filed by the Clerk in the Master File.

4) The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

5) Every pleading in the Consolidated Action shall have the following caption:

| IN RE EPIX PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 1:05-cv-10166-PBS |

6) Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

7) The Court requests the assistance of counsel in calling attention to the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

8) When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a) file a copy of this Order in the separate file for such action;

      b) mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed case; and

      c) make the appropriate entry in the Master Docket for the Consolidated Action.

9) Disciplined Growth Investors, Inc. and Compass Investors Limited Partnership (the "Disciplined Growth Investors Group") are appointed to serve as Lead Plaintiffs in the Consolidated Action, pursuant to 15 U.S.C. §78u-4(a)(3)(B).

10) The law firm Glancy Binkow & Goldberg LLP is hereby approved as Lead Counsel for plaintiffs. Lead Counsel shall provide general supervision of the activities of plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

      a) to brief and argue motions;

      b) to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, preparation of written interrogatories, requests for admission and requests for production of documents;

      c) to direct and coordinate the examination of witnesses in depositions;

      d) to act as spokesperson at pretrial conferences;

      e) to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

      f) to initiate and conduct any settlement negotiations with counsel for defendants;

      g) to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

       h) to consult and employ experts;

       i) to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs and to determine and distribute plaintiffs' attorneys' fees; and

       j) to perform such other duties as may be expressly authorized by further order of this Court.

    11) The Law firm of Moulton & Gans, P.C. is hereby approved as Liaison Counsel.


Dated: _____, 2005       _____
                                                The Honorable Patty B. Saris
                                                UNITED STATES DISTRICT JUDGE