UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.D. YORSTON, On Behalf of Himself and All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                   Defendants. | No. 05-CV-10166-PBS<br><br>__CLASS ACTION__ |
| ROBERT GREENE, Individually and On Behalf of All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                   Defendants. | No. 05-CV-10194-WGY<br><br>__CLASS ACTION__ |

[Caption continued on following page.]

MOTION TO APPOINT ALASKA ELECTRICAL PENSION FUND AS LEAD PLAINTIFF, TO APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND TO CONSOLIDATE RELATED ACTIONS

| | |
|---|---|
| JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>      Defendants. | No. 05-CV-10272-GAO<br><br>CLASS ACTION |
| DORAVILLE MANAGEMENT II CORP. by DONALD RAMIREZ, PRESIDENT, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>      Defendants. | No. 05-CV-10288-PBS<br><br>CLASS ACTION |
| STANLEY A. KIM, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>      Defendants. | No. 05-CV-10315-PBS<br><br>CLASS ACTION |

[Caption continued on following page.]

| | |
|---|---|
| YALE TOLWIN, On Behalf of Himself and All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EPIX PHARMACEUTICALS, INC., et al., )<br>)<br>Defendants. )<br>_____ ) | No. 05-CV-10388-PBS<br><br><u>CLASS ACTION</u> |
| SANDRA V. BIESTERFELDT, et al., On Behalf of Themselves and All Persons Similarly Situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>EPIX PHARMACEUTICALS, INC., et al., )<br>)<br>Defendants. )<br>_____ ) | No. 05-CV-10559-PBS<br><br><u>CLASS ACTION</u> |

PLEASE TAKE NOTICE that Alaska Electrical Pension Fund ("Alaska Electrical"), who purchased EPIX Pharmaceuticals, Inc. ("EPIX" or the "Company") securities between March 18, 2002 through January 14, 2005 (the "Class Period"), hereby move this Court for an Order granting the Motion to Appoint Alaska Electrical Pension Fund as Lead Plaintiff, to Approve Lead Plaintiff's Selection of Lead Counsel and to Consolidate the following related cases filed in this District:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Yorston v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10166-PBS | 01/27/05 |
| *Greene v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10194-WGY | 02/01/05 |
| *John C. Johnson, Jr. Defined Death Benefit Pension Plan v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10272-GAO | 02/10/05 |
| *Doraville Management II Corp. v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10288-PBS | 02/11/05 |
| *Kim v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10315-PBS | 02/16/05 |
| *Tolwin v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10388-PBS | 02/28/05 |
| *Beisterfeldt v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10559-PBS | 03/23/05 |

This Motion is made on the grounds that these cases allege similar claims based on the same conduct by defendants. Consequently, according to Fed. R. Civ. P. 42(a), the cases should be consolidated.

This Motion is also made on the grounds that Alaska Electrical has the largest financial interest in the relief sought and has met the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the class members' claims and because it will fairly and adequately represent the class. As a result, Alaska Electrical is the "most adequate plaintiff" pursuant to Securities Exchange Act of 1934 ("Exchange Act") §21D(a)(3)(B), 15 U.S.C. §78u-4(a)(3)(B). Further, Alaska Electrical has selected and retained a national law firm with substantial experience in prosecuting securities class actions to serve as their Lead Counsel.

This Motion is based on the supporting Memorandum of Law filed herewith, the Affidavit of Theodore M. Hess-Mahan in support thereof, the pleadings and files herein, and any written or oral argument as may be presented to the Court.

Local Rule 7.1(a)(2) requires a conference of counsel previous to filing motions.  Alaska Electrical respectfully submits that this conferral requirement is impossible in the context of motions for lead plaintiff since it has no way of knowing which other entities plan to move for appointment as lead plaintiff until after all such other movants have filed their motions.  In addition, Alaska Electrical submit that Local Rule 7.1(a)(2) may be inapplicable to motions for selection of lead plaintiff and approval of lead counsel because such motions are mandated by federal statute.  Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995, sets forth the procedure that must be followed for the selection of lead plaintiff and approval of lead counsel.  *See* 15 U.S.C. §§78u-4, *et seq*.  Thus, because the motion is mandated by statute, Local Rule 7.1(a)(2) may be inapplicable here.

DATED:  March 28, 2005                          SHAPIRO HABER & URMY LLP

**/s/Theodore M. Hess-Mahan**
THOMAS G. SHAPIRO (BBO #454680)
THEODORE M. HESS-MAHAN (BBO #557109)
53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)

- 3 -

                              LERACH COUGHLIN STOIA GELLER
                                RUDMAN & ROBBINS LLP
                              WILLIAM S. LERACH
                              LAURA M. ANDRACCHIO
                              UDOKA NWANNA
                              401 B Street, Suite 1600
                              San Diego, CA  92101
                              Telephone:  619/231-1058
                              619/231-7423 (fax)

                              Attorneys for Plaintiff

S:\CasesSD\Epix Pharm\NOT00019547.doc

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.D. YORSTON, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 05-CV-10166-PBS<br><br><u>CLASS ACTION</u> |
| ROBERT GREENE, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 05-CV-10194-WGY<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

[PROPOSED] ORDER GRANTING ALASKA ELECTRICAL PENSION FUND'S MOTION
FOR CONSOLIDATION OF RELATED ACTIONS

| | |
|---|---|
| JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 05-CV-10272-GAO<br><br><u>CLASS ACTION</u> |
| DORAVILLE MANAGEMENT II CORP. by DONALD RAMIREZ, PRESIDENT, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 05-CV-10288-PBS<br><br><u>CLASS ACTION</u> |
| STANLEY A. KIM, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 05-CV-10315-PBS<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | |
|---|---|
| YALE TOLWIN, On Behalf of Himself and All Others Similarly Situated, )<br>)<br>) | No. 05-CV-10388-PBS<br><br>CLASS ACTION |
| Plaintiff, )<br>) | |
| vs. )<br>) | |
| EPIX PHARMACEUTICALS, INC., et al., )<br>) | |
| Defendants. )<br>)<br>) | |
| SANDRA V. BIESTERFELDT, et al., On Behalf of Themselves and All Persons Similarly Situated, )<br>)<br>)<br>) | No. 05-CV-10559-PBS<br><br>CLASS ACTION |
| Plaintiffs, )<br>) | |
| vs. )<br>) | |
| EPIX PHARMACEUTICALS, INC., et al., )<br>) | |
| Defendants. )<br>)<br>) | |

Having considered Alaska Electrical Pension Fund's motion to consolidate related actions, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court hereby ORDERS, as follows:

**CONSOLIDATION OF RELATED CASES**

1. The following actions are consolidated for all purposes, including, but not limited to, discovery, pretrial and trial proceedings, pursuant to Fed. R. Civ. P. 42(a):

| Abbreviated Case Name | Case Number | Date Filed |
| --- | --- | --- |
| *Yorston v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10166-PBS | 01/27/05 |
| *Greene v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10194-WGY | 02/01/05 |
| *John C. Johnson, Jr. Defined Death Benefit Pension Plan v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10272-GAO | 02/10/05 |
| *Doraville Management II Corp. v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10288-PBS | 02/11/05 |
| *Kim v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10315-PBS | 02/16/05 |
| *Tolwin v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10388-PBS | 02/28/05 |
| *Biesterfeldt v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10559-PBS | 03/23/05 |

2. The consolidated action shall be captioned *In re EPIX Pharmaceuticals, Inc. Securities Litigation*, No. 05-cv-10166 PBS, and the files of this action shall be maintained in one file under Master File No. 05-cv-10166 PBS.

3. Any other related actions now pending or subsequently filed in, or transferred to, this District shall be consolidated into this action for all purposes. This Order shall apply to every such related action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within 14 days after the date on which a copy of the Order is mailed to the party's counsel.

4.  This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

## MASTER DOCKET AND CAPTION

5.  The docket in Civil Action No. 05-cv-10166 PBS shall constitute the Master Docket for this action.

6.  Every pleading filed in the consolidated action shall bear the following caption:

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re EPIX PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) Master File No. No. 05-cv-10166 PBS ) |
| _____ | ) CLASS ACTION |
| This Document Relates To: | ) |
| _____ | ) |

7.  The file in Civil Action No. No. 05-cv-10166 PBS shall constitute the Master File for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:" in the caption set out above. When a pleading applies only to some, but not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:," the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (*e.g.*, "No. 05-cv-10166 PBS (*Yorston*)").

## LEAD PLAINTIFF'S COUNSEL

8.  Pursuant to 15 U.S.C. §78u-4(a)(3)(B), the Court appoints Alaska Electrical Pension Fund ("Alaska Electrical") as Lead Plaintiff and approves Alaska Electrical's selection of lead counsel. The law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP is hereby appointed Lead Counsel and Shapiro Haber & Urmy LLP is hereby approved as Liaison Counsel.

- 3 -

9. Lead plaintiff's counsel shall have authority to speak for and enter into agreements on behalf of plaintiffs in all matters regarding pretrial procedures, discovery and settlement negotiations. Lead plaintiff's counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead plaintiff's counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders. Lead plaintiff's counsel shall be responsible for communications with the Court.

10. Lead plaintiff's counsel shall communicate with other plaintiffs' counsel and have the right to assign projects to other plaintiffs' counsel.

11. Defendants' counsel may rely upon agreements made with lead plaintiff's counsel. Such agreements shall be binding on all plaintiffs.

IT IS SO ORDERED.

DATED: _____   _____
                                                                         THE HONORABLE PATTI B. SARIS
                                                                         UNITED STATES DISTRICT JUDGE