UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.D. YORSTON, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 05-CV-10166-PBS<br><br><u>CLASS ACTION</u> |
| ROBERT GREENE, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 05-CV-10194-WGY<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT ALASKA ELECTRICAL PENSION FUND AS LEAD PLAINTIFF, TO APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND TO CONSOLIDATE RELATED ACTIONS

| | |
|---|---|
| JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>　　　　　　　　Defendants. | No. 05-CV-10272-GAO<br><br>CLASS ACTION |
| DORAVILLE MANAGEMENT II CORP. by DONALD RAMIREZ, PRESIDENT, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>　　　　　　　　Defendants. | No. 05-CV-10288-PBS<br><br>CLASS ACTION |
| STANLEY A. KIM, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>EPIX PHARMACEUTICALS, INC., et al.,<br><br>　　　　　　　　Defendants. | No. 05-CV-10315-PBS<br><br>CLASS ACTION |

[Caption continued on following page.]

| | |
|---|---|
| YALE TOLWIN, On Behalf of Himself and All Others Similarly Situated,  ) <br> ) <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> EPIX PHARMACEUTICALS, INC., et al.,  ) <br> ) <br> Defendants.  ) <br> ) <br> _____ ) | No. 05-CV-10388-PBS <br><br> <u>CLASS ACTION</u> |
| SANDRA V. BIESTERFELDT, et al., On Behalf of Themselves and All Persons Similarly Situated,  ) <br> ) <br> ) <br> ) <br> Plaintiffs,  ) <br> ) <br> vs.  ) <br> ) <br> EPIX PHARMACEUTICALS, INC., et al.,  ) <br> ) <br> Defendants.  ) <br> ) <br> _____ ) | No. 05-CV-10559-PBS <br><br> <u>CLASS ACTION</u> |

Alaska Electrical Pension Fund ("Alaska Electrical") respectfully submits this memorandum of points and authorities in support of its motion to be appointed lead plaintiff, for approval of its selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Shapiro, Haber & Urmy, LLP as liaison counsel for the class, and to consolidate related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

**I.      INTRODUCTION**

Presently pending in this District are seven related class action lawsuits (the "Related Actions") on behalf of persons who purchased or otherwise acquired the publicly traded securities of EPIX Pharmaceuticals, Inc. ("EPIX" or the "Company") between March 18, 2002 through January 14, 2005, inclusive (the "Class Period"):[1]

| **Abbreviated Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Yorston v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10166-PBS | 01/27/05 |
| *Greene v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10194-WGY | 02/01/05 |
| *John C. Johnson, Jr. Defined Death Benefit Pension Plan v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10272-GAO | 02/10/05 |
| *Doraville Management II Corp. v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10288-PBS | 02/11/05 |
| *Kim v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10315-PBS | 02/16/05 |

---

[1]    Most of the actions allege a class period of July 10, 2003 through January 14, 2005, while one case alleges a class period of March 18, 2002 through January 14, 2005.  Differences such as the proper class period do not prevent consolidation, but will be resolved upon the filing of a consolidated complaint by the appointed lead plaintiff. *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998).

| **Abbreviated Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Tolwin v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10388-PBS | 02/28/05 |
| *Beisterfeldt v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10559-PBS | 03/23/05 |

These Related Actions are brought pursuant to §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.  They allege the same claims against similar defendants, and should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure.

In addition, the Exchange Act, as amended by the PSLRA, instructs the court to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought in this litigation that otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B).  Alaska Electrical should be appointed lead plaintiff because it purchased 41,100 shares of EPIX securities, lost $472,556.88 in connection therewith and otherwise satisfies the requirement of Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also* Affidavit of Theodore M. Hess-Mahan in Support of Alaska Electrical Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Hess-Mahan Aff."), Exs. A & B.  In addition, Alaska Electrical's selection of Lerach Coughlin to serve as lead counsel should be approved because Lerach Coughlin has extensive experience in the prosecution of securities class actions such as this and will vigorously represent the interests of the class.  *See* Hess-Mahan Aff. Exs. D & E.

Alaska Electrical acknowledges that it has been appointed as lead plaintiff in seven cases in the last three years.  However, Alaska Electrical is an institution, and as the paradigmatic investor Congress envisioned would lead securities class actions, it is willing to serve here.  *See Malasky v. IAC/Interactive Corp.*, 04 Civ. 7447 (RJH), 2004 U.S. Dist. LEXIS 25832 (S.D.N.Y. Dec. 21, 2004),

*reconsideration granted* 2005 U.S. Dist. LEXIS 3628 (S.D.N.Y. March 7, 2005). Indeed, courts have lifted the statutory "five in three" rule for institutional investors in numerous situations: (1) where the institution is the "only movant" (s*ee, e.g., Aronson*, 79 F. Supp. 2d at 1156); (2) if the institution is the only institutional investor movant (s*ee, e.g., Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d at 641; *Naiditch v. Applied Micro Circuits Corp.*, No. 01-cv-0649(AJB), 2001 U.S. Dist. LEXIS 21374, at *8 (S.D. Cal. Nov. 2, 2001); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102 (N.D. Cal. 2001); *Enron*, 206 F.R.D. at 457); (3) where "the other movants...accrued an even larger record of participation in securities litigation" than the institution (*see McKesson*, 79 F. Supp. 2d at 1156); and (4) when the other proposed lead plaintiffs were inadequate or foreign (s*ee, e.g. In re Network Associates, Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999); *Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000)). Thus, Alaska Electrical stands willing and able to serve as lead plaintiff here despite having been appointed as lead plaintiff in seven cases in the last three years.

## II.   STATEMENT OF FACTS[2]

EPIX is a developer of targeted contrast agents that are designed to improve the diagnostic quality of images produced by magnetic resonance imaging ("MRI"). ¶2.[3] MRI is an imaging technology for a range of applications, including the identification and diagnosis of a variety of medical disorders. *Id*. Defendants progressed MS-325, the Company's principal product in development through early stage clinical trials. ¶3. Following completion of those trials, in

---

[2]   These facts are derived from the allegations in the complaint captioned *Yorston v. EPIX Pharmaceuticals, Inc., et al.*, No. 05-cv-10166 PBS, filed January 27, 2005 ("*Yorston* Complaint").

[3]   Unless otherwise noted, all paragraph references ("¶__" or "¶¶__") are to the *Yorston* Complaint.

- 3 -

December 2003, EPIX submitted a New Drug Application ("NDA") for MS-325 to the United States Food and Drug Administration ("FDA"). *Id*. MS-325 is designed to provide visual imaging of the vascular system through a type of MRI known as magnetic resonance angiography ("MRA"). *Id*.

By July 2003, defendants became aware of clinical quality issues with the underlying data for their MS-325 Phase III program. ¶4. These issues, including the generation of unintelligible imaging scans, made difficult, if not impossible, the proper control of their clinical test results and statistical analysis of the data and results. *Id*. Defendants knew that if they were to meet the timelines and expectation of the market, these serious issues would need to be mitigated or overlooked. *Id*.

Thus, throughout the Class Period, defendants continued to infuse the market with positive, false, statements about the success of the MS-325 studies. ¶¶4, 19-21, 23. While the price of EPIX stock was artificially inflated due to these false and misleading statements, the Company announced the sale of $100 million in 3.00% convertible senior notes resulting in proceeds of approximately $96 million to the Company.

On January 14, 2005, the Company finally reported the shocking news about the MS-325 submission -- that the FDA had determined that problems with the Phase III clinical trials were so serious that it was impossible for them to come to a conclusion about the efficacy of MS-325. ¶6. Worse, the FDA noted problems with the underlying data itself, problems that could not be resolved simply on the basis of re-analysis of the data. *Id*. On this news, EPIX stock plunged 27% to $10.67, for a loss of $3.98 per share, causing significant damage to the class.

**III.    ARGUMENT**

    **A.    Alaska Electrical Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of lead plaintiffs in private actions arising under the Exchange Act that are brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §§78u-4, *et. seq*.

*First*, the plaintiff who files the initial action must publish notice within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.[4] 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication of notice, any person *or* group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. §78u-4(a)(3)(A)-(B).

*Second*, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). Third, in determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice ...;

---

[4]    Notice was properly published within 20 days of the first-filed action in *Business Wire* on January 27, 2005. *See* Hess-Mahan Aff., Ex. C. The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62 (D. Mass. 1996).

    Unless otherwise noted, all emphasis is added and citations are omitted.

>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### B. Alaska Electrical Satisfies All Three of the PSLRA's "Lead Plaintiff" Requirements

#### 1. Alaska Electrical Has Timely Moved for Appointment as Lead Plaintiff

All putative class members seeking to be appointed lead plaintiff in this matter must move for that designation by March 28, 2005. *See* 15 U.S.C. §78u-4(a)(3)(A). Here, pursuant to the PSLRA's 60-day filing requirement, Alaska Electrical hereby timely moves this Court to be appointed Lead Plaintiff, and has also duly signed and filed certifications stating its individual members' willingness to serve as representative parties on behalf of the class. *See* Hess-Mahan Aff., Ex. A.

#### 2. Alaska Electrical Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period Alaska Electrical suffered losses of $472,556.88 based on its purchase of 41,100 shares of EPIX stock at a cost of over $871,829. *See* Hess-Mahan Aff., Exs. A-B. Upon information and belief, Alaska Electrical's financial interest in this matter is the largest of any competing lead plaintiff movant. *See* 15 U.S.C. §78u-(a)(3)(B)(iii)(I).

#### 3. Alaska Electrical Otherwise Satisfies Rule 23

Under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of

law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a motion for class certification motion is filed.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'").

Alaska Electrical satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased EPIX securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. *See id.*

Under Rule 23(a)(4) the representative party must also "'fairly and adequately protect the interests of the class.'" *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). Here, Alaska Electrical is an adequate representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with those of the class. *See id.* Further, there is no antagonism between Alaska Electrical's interests and those of the class generally. *Id.* Thus, Alaska

Electrical *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

      **C.    Alaska Electrical's Selection of Lead Counsel Should be Approved**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. Alaska Electrical has selected Lerach Coughlin to serve as lead counsel and Shaprio, Haber & Urmy, LLP to serve as liaison counsel. Lerach Coughlin is a 150-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer, and antitrust class actions. Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and in *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Indeed, in approving the lead plaintiff's choice of Lerach Coughlin's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight." *Id.* at 458. Lerach Coughlin's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

      **D.    The Court Should Consolidate the Eight Related Actions to Promote Efficiency**

Consolidation pursuant to Fed. R. Civ. P. 42(a) is proper when actions involve common questions of law and fact. *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001). This Court has broad discretion under Fed. R. Civ. P. 42(a) to consolidate cases pending within this District. *Id.*

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Fed. R. Civ. P. 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id.*

The Related Actions pending in this District present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] ... until after the decision on the motion to consolidate is rendered....

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id.*

Alaska Electrical respectfully requests that the Court consider the consolidation motion as soon as practicable and consolidate these related actions under the lowest case number.

- 9 -

**IV.     CONCLUSION**

For the foregoing reasons, Alaska Electrical respectfully request that this Court: (1) appoint it as Lead Plaintiff pursuant to §21D(a)(3)(B); (2) approve its selection of Lerach Coughlin as Lead Counsel and Shapiro, Haber & Urmy, LLP as Liaison Counsel for the class; and (3) consolidate the Related Actions.

DATED:  March 28, 2005                                Respectfully submitted,

SHAPIRO HABER & URMY LLP


**/s/Theodore M. Hess-Mahan**
THOMAS G. SHAPIRO (BBO #454680)
THEODORE M. HESS-MAHAN (BBO #557109)
53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)

[Proposed] Liaison Counsel


LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
LAURA M. ANDRACCHIO
UDOKA NWANNA
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Epix Pharm\BRF00019546.doc