## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| H.D. YORSTON, on behalf of himself and all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, ) <br> ) <br> ) <br> ) <br> Defendants. ) <br> ) | | Civil Action No. 1:05-CV-10166 (PBS) |
| ROBERT GREENE, individually and on behalf of all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, ) <br> ) <br> ) <br> ) <br> Defendants. ) <br> ) | | Civil Action No. 1:05-CV-10194 (WGY) |

[Captions continued on next page]

**[PROPOSED] ORDER CONSOLIDATING ACTIONS,
APPOINTING LEAD PLAINTIFF AND APPROVING LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | | |
|---|---|---|
| JOHN C. JOHNSON, JR., JOHN C. JOHNSON JR. TARGET BENEFIT PENSION, JEFFREY S. JOHNSON, and JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:05-CV-10272 (GAO) |
| v. | ) ) | |
| EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, | ) ) ) ) ) | |
| Defendants. | ) | |
| DORAVILLE MANAGEMENT II CORP., BY DONALD RAMIREZ, PRESIDENT, on behalf of himself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:05-CV-10288 (PBS) |
| v. | ) ) | |
| EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, | ) ) ) ) ) | |
| Defendants. | ) ) | |

[Captions continued on next page]

| | |
|---|---|
| STANLEY A. KIM, on behalf of himself and all others similarly situated,  ) ) ) | |
| Plaintiffs,  ) ) | |
| v.  ) ) | Civil Action No. 1:05-CV-10315 (PBS) |
| EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD,  ) ) ) ) ) ) | |
| Defendants.  ) ) | |
| YALE TOLWIN, on behalf of himself and all persons similarly situated,  ) ) ) | |
| Plaintiffs,  ) ) | |
| v.  ) ) | Civil Action No. 1:05-CV-10388 (PBS) |
| EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD,  ) ) ) ) ) ) | |
| Defendants.  ) ) | |

Having considered the motion of Oklahoma Firefighters Pension & Retirement System ("Oklahoma Firefighters") to consolidate actions, to be appointed lead plaintiff and for approval of lead plaintiff's selection of lead counsel and liaison counsel, the memorandum of law in support thereof, the declaration of David Pastor in support of that motion, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The motion is granted.

2. The above-captioned actions are consolidated for all purposes (the "Consolidated Action"). This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Consolidated Action.

3. A Master File is established for this proceeding. The Master File shall be Civil Action No. 1:05-CV-10166 (PBS). The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

4. An original of this Order shall be filed by the Clerk in the Master File.

5. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

6. Every pleading in the Consolidated Action shall have the following caption:

| IN RE EPIX PHARMACEUTICALS, INC. ) | Civil Action No. 1:05-CV-10166 (PBS) |
| SECURITIES LITIGATION ) | |
| ) | |

7. The Court requests the assistance of counsel in calling to the attention of the Clerk

of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

8. When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for such action;

    b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed case; and

    c. Make the appropriate entry in the Master Docket for the Consolidated Action.

9. Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

10. Class member Oklahoma Firefighters Pension & Retirement System is appointed to serve as Lead Plaintiff in the above-captioned consolidated action pursuant to 15 U.S.C. §78u-4(a)(3)(B).

11. The law firm of Schiffrin & Barroway, LLP is hereby approved as Lead Counsel for the Class. Lead Counsel shall have the authority to speak for all plaintiffs and class members

in all matters regarding the litigation including, but not limited to, pre-trial proceedings, motion practice, trial and settlement, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Additionally, lead counsel shall have the following responsibilities:

    a.    To brief and argue motions;

    b.    To initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    c.    to direct and coordinate the examination of witnesses in depositions;

    d.    to act as spokesperson at pretrial conferences;

    e.    to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    f.    to initiate and conduct any settlement negotiations with counsel for defendants;

    g.    to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

    h.    to consult with and employ experts;

    i.    to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

        j.      to perform such other duties as may be expressly authorized by further order of this Court.

    12.    The law firm of Gilman and Pastor, LLP is hereby approved as Liaison Counsel for the Class.

    IT IS SO ORDERED.

DATED:_____                      _____
                                               UNITED STATES DISTRICT JUDGE